**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
3111 Camino Del Rio North, Suite 400
San Diego, California 92108
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVET VALDEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>        Defendant. | Case No. __'20 CV2129 DMS AGS__<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** IVET VALDEZ, through her undersigned counsel, complaining of Defendant MIDLAND CREDIT MANAGEMENT, INC. as follows:

### NATURE OF THE ACTION

1.      This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA").

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

### PARTIES

1

5.      IVET VALDEZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Texas.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      MIDLAND CREDIT MANAGEMENT, INC. ("Defendant" or "MCM") is a corporation organized and existing under the laws of the state of Kansas.

8.      MCM maintains its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 2180.

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10.     Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

11.     Plaintiff received two credit cards issued by Credit One Bank, N.A.

12.     Over time, approximately $850.00 and $1,300.00 in personal charges were made to Plaintiff's accounts ("subject debts").

13.     Plaintiff, due to unforeseen financial difficulties, defaulted on payments and Plaintiff's unpaid account balances were charged-off and referred for collection.

14.     Plaintiff's outstanding balances are "debts" as defined by 15 U.S.C. § 1692a(5).

15.     During the summer of 2020, MCM sent Plaintiff a debt collection letter enclosed in an envelope with the words "TIME SENSITIVE DOCUMENTS" printed on its exterior in bold font.

16.     Upon reading "TIME SENSITIVE DOCUMENST", Plaintiff immediately opened the envelope.

17.     The letter contained information regarding one of Plaintiff's subject debts.

2

18.     The letter is a "communication" as defined by 15 U.S.C. § 1692a(2) as it conveys information regarding Plaintiff's subject debts.

19.     The letter is an attempt to collect upon the subject debt as the letter directly and unambiguously states as such.

20.     The envelope's inclusion of the words "TIME SENSISTIVE DOCUMENTS" on its exterior created a false sense of urgency for Plaintiff who was unable to afford to make a payment, leading to needless emotional distress.

21.     Plaintiff attempted to call MCM to discuss her subject debts.

22.     Unfortunately, every time Plaintiff phoned MCM she was unable to speak to a representative regarding her subject debts.

23.     Every time, MCM asked if this was "Ivan".

24.     To date, Plaintiff has been unable to discuss her subject debts with a representative from MCM.

## DAMAGES

25.     Concerned with having had her rights violated, Plaintiff was forced to retain counsel; expending time and incurring attorney's fees to vindicate her rights.

26.     Moreover, Plaintiff suffered significant emotional distress and anxiety as a result of Defendant's correspondence.

27.     Additionally, as a result of the confusing language in the collection letter sent by Defendant, Plaintiff was deprived of her right to receive clear information as required by the FDCPA.

28.     Finally, Plaintiff, despite her best efforts, has not been able to discuss her subject debts with a representative from MCM.

## CLAIMS FOR RELIEF
### Count I – Violations of Sections 1692f of the FDCPA

29.     Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

30.     Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect a debt."  15 U.S.C. § 1692f.

31.     The statute sets out a nonexclusive list of conduct that qualifies as unfair or unconscionable. *Id.*

32.     Section 1692(f)(8) prohibits the following conduct: using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

33.     Section 1692f(8) regulates language "on any envelope" *Id*.

34.     The text of Section 1692f(8) is unequivocal "Any language or symbol," except the debt collector's address and, in some cases, business name, may not be included "on any envelope".

35.     In other words, NO EXCEPTIONS.

36.     Accordingly, MCM"s inclusion of "TIME SENSITIVE DOCUMENTS" on the front of the envelope violates 15 U.S.C. § 1692f(8).

37.     As alleged, Plaintiff instantly opened MCM's mail because it said "TIME SENSITIVE DOCUMENTS".

38.     Upon information and belief, MCM has determined that it collects more from consumer by including "TIME SENSITIVE DOCUMENTS" on envelopes.

39.     MCM"s practice of including "TIME SENSITIVE DOCUMENTS" on envelopes mailed to consumers unfairly puts MCM ahead of other debt collectors.

40.     On information and belief, MCM"s research demonstrates that the least sophisticated consumer is more likely to open letters sent in envelopes marked "TIME

SENSISTIVE DOCUMENTS" than envelopes that do not contain the words "TIME SENSITIVE DOCUMENTS."

41.     Section 1692f of the FDCPA prohibits an attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

42.     Defendant violated 15 U.S.C. §§1692f and f(1) and by using unfair or unconscionable means in its attempts to collect the subject debt.

43.     Specifically, it was inherently unfair for Plaintiff to phone MCM on numerous occasion and not be able to discuss her subject debts.

44.     As set forth above, Plaintiff was harmed by Defendant's deceptive conduct.

45.     Plaintiff may enforce the provisions of 15 U.S.C. 15 U.S.C. §§ 1692f and f(8) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1)     any actual damage sustained by such person as a result of such failure;

(2)

    (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C.§ 1692f and f(8).

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.    an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E.    an award of such other relief as this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: October 30, 2020        Respectfully submitted,

IVET VALDEZ

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North, Ste. 400
San Diego, California 92108
Telephone: 310-997-0471
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*